United States District Court
Northern District of Illinois
Western Division

| | |
|---|---|
| PETER SCORDATO and ANGELA SCORDATO, as natural guardians of the minor child P.S., <br>            Plaintiff <br><br> v. <br><br> KINNIKINNICK SCHOOL DISTRICT No. 131; HONONEGAH COMMUNITY HIGH SCHOOL DISTRICT No. 207, <br><br>            Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: |

# COMPLAINT FOR DECLARATORY JUDGMENTS AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff, P.S., a minor, by and through his parents Peter and Angela Scordato, files this Complaint seeking Declaratory Judgments and Preliminary and Permanent Injunctive Relief against Defendants Kinnikinnick School District 131 ("District 131") and Hononegah Community High School District 207 ("District 207") and alleges the following:

## SUMMARY

1.     P.S. was born in 2003, making him fourteen years old. He has Down syndrome and has an intellectual disability as defined under the federal Individuals with Disabilities Education Act ("IDEA"). P.S. is currently enrolled in special education classes at Roscoe Middle School, within District 131, at the seventh grade level for the 2017-2018 school year. At the age of fifteen, P.S. will become the financial responsibility of District 207, pursuant to 105

ILCS 5/14-6.01. Under the guise of the Individualized Education Program ("IEP") under the IDEA, District 131 and District 207 are proposing and imminently forcing P.S. to skip eighth grade and enroll at Hononegah High School, within District 207, for the 2018-2019 school year. District 131 and District 207 expressed that the reason why P.S. should skip eighth grade, enroll at Hononegah High School, and change educational placements is to comply with the age requirement set forth in 105 ILCS 5/14-6.01.

2. Plaintiff seeks declaratory judgment that P.S.'s "then-current educational placement" under 20 U.S.C. 1415(j) is Roscoe Middle School, 6121 Elevator Rd., Roscoe, IL of Kinnikinnick School District 131; therefore, P.S. shall remain at this educational placement during the pendency of any proceedings referenced in 20 U.S.C. 1415(j). Alternatively, Plaintiff seeks declaratory judgment that P.S.'s "then-current educational placement" under 20 U.S.C. 1415(j) is that implemented in the last agreed upon placement, that being Roscoe Middle School; therefore, P.S. shall remain at this educational placement during the pendency of any proceedings referenced in 20 U.S.C. 1415(j).

3. Plaintiff seeks declaratory judgment that P.S., when at the age of fifteen, need not attend Hononegah High School in order for District 131 and District 207 to be in compliance with 105 ILCS 5/14-6.01. Moreover, Plaintiff seeks declaratory judgment that P.S., when at the age of fifteen, may attend Roscoe Middle School in accord with 105 ILCS 5/14-6.01. Moreover, Plaintiff seeks declaratory judgment that District 131 and 207 shall not rely on 105 ILCS 5/14-6.01 when determining a Free Appropriate Public Education ("FAPE") under IDEA.

4. Pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States, the Rehabilitation Act of 1973, and the Americans with Disabilities Act, Plaintiff seeks a preliminary and permanent injunction to prevent District 131 and District 207 from using

105 ILCS 5/14-6.01 to compel P.S. to skip eighth grade and attend high school for the 2018-2019 school year.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (deprivation of Constitutional right), 1367 (supplemental jurisdiction), and 2201 (declaratory judgment).

6. Venue in this Court is proper under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district, and District 131 and District 207, having authority over the action or inactions alleged herein, have offices located in this judicial district.

## PARTIES AND STANDING

7. Plaintiff P.S. is fourteen years of age, resides in Roscoe, IL, and is a citizen of the United States. P.S. enrolled at Roscoe Middle School, District 131, in September, 2016. He has Down syndrome and is currently enrolled in special education classes at Roscoe Middle School at the seventh grade level during the 2017-2018 school year, pursuant to P.S.'s IEP and the Free Appropriate Public Education ("FAPE") provisions of IDEA. District 131 is proposing implementing an IEP, for discriminatory reasons discussed in this complaint, which would require P.S. to skip eighth grade and attend Hononegah High School for the 2018-2019 school year. P.S. has expressed that he does not want to attend the high school. P.S.'s parents expressed that P.S. is not mature enough to attend the high school next school year and doing so would place him in a potentially unsafe and unhealthy environment. P.S.'s parents want P.S. to stay and attend eighth grade at Roscoe Middle School and graduate with his friends and peers, and they want the opportunity for P.S. to fully integrate into Roscoe Middle School before

moving on to high school. The loss of opportunity to attend eighth grade, graduate eighth grade, stay in a safe environment, and fully integrate into Roscoe Middle School are injuries directly and proximately inflicted by the proposed and imminent actions of District 131 and District 207.

8. Defendant District 131 is a public school district, which receives federal funding, with offices at 5410 Pine Lane, Roscoe, IL. It serves students from kindergarten through eighth grade in Roscoe, IL and is coordinated with District 207. District 131 currently offers P.S. his FAPE. District 131 issued the March 22, 2018 IEP report proposing and imminently requiring that P.S. attend Hononegah High School, District 207, during the 2018-2019 school year. District 131 expressed that the reason they are imminently requiring P.S. to skip eighth grade and attend Hononegah High School for the next school year is because District 207 becomes financially responsible for P.S.'s education at the age of fifteen under 105 ILCS 5/14-6.01, which applies only to students with disabilities.

9. Defendant District 207 is a public school district, which receives federal funding, with offices located at 307 Salem St., Rockton, IL. District 207 serves students from the towns of Rockton, Roscoe, Shirland, and parts of South Beloit, IL. District 207 is a signatory to the March 22, 2018 IEP conference and expressed that P.S. should skip eighth grade and attend Hononegah High School, District 207, during the 2018-2019 school year because District 207 becomes financially responsible for P.S.'s education at the age of fifteen under 105 ILCS 5/14-6.01. Because of P.S.'s age, District 207 may issue their own IEP report, imminently requiring P.S. to skip eighth grade and attend Hononegah High School during the 2018-2019 school year.

## FACTUAL BACKGROUND

10. On March 22, 2018, an IEP conference concerning the educational placement of P.S. during the 2018-2019 school year occurred. Conference attendees included Peter Scordato

(Parent of P.S.), Angela Scordato (Parent of P.S.), Julie Cropp (Principal of Roscoe Middle School), Betsy Dohm (Special Education Teacher at Roscoe Middle School), Alicia VanZuiden (Speech Therapist at Roscoe Middle School), Lisa Yaun (Director of Student Services for District 131), Brian Knipp (P.E. Teacher at Roscoe Middle School), Sarah Moore (Assistant Principal of Student Services for District 207), Jessica Hecker (Special Education Teacher for District 207), Heidi Feltgen (Hearing Itinerant), and Julie Gerard (Speech Therapist at District 207). At the conference, representatives of District 131 and District 207 proposed that P.S. skip eighth grade and attend Hononegah High School during the 2018-2019 school year because of 105 ILCS 5/14-6.01.

11. On March 22, 2018, District 131 issued an IEP report proposing and imminently requiring P.S. to attend Hononegah High School during the 2018-2019 school year. The report includes notes explaining that the reason why P.S. should skip eighth grade and attend Hononegah High School is because he will be fifteen years old, and at fifteen years old, students with disabilities become the financial responsibility of the high school district.

12. At an IEP conference on February 5, 2018 concerning the educational placement of P.S., Sarah Moore, Assistant Principal of Student Services for District 207, explained that upon P.S.'s fifteenth birthday, P.S. would be mandated to leave Roscoe Middle School and attend Hononegah High School in accord with the Illinois School Code (i.e. 105 ILCS 5/14-6.01); therefore P.S. should skip eighth grade and attend Hononegah High School during the 2018-2019 school year.

13. 105 ILCS 5/14-6.01, requiring that students at the age of fifteen become the financial responsibility of the high school district, only applies to students with disabilities.

14. In accord with 34 C.F.R. § 300.116, and because there are no other valid IEP requirements, the school P.S. would attend during the 2018-2019 school year is Roscoe Middle School because it is the school P.S. would attend if he were not disabled.

15. After the disputed IEP conference and report on March 22, 2018, Plaintiff filed a due process request on March 22, 2018 with the Illinois State Board of Education, naming District 131 as Defendant. Plaintiff requested that P.S. stay at Roscoe Middle School during the 2018-2019 school year, that the district pay for an outside independent evaluation on P.S.'s aptitude and capabilities of sign language as a primary mode of communication, and that the district pay for an independent psychological evaluation and assessment of P.S..

16. After the disputed IEP conference and report on March 22, 2018, Plaintiff filed an identical due process request, to that detailed supra in par. 14, on March 22, 2018 with the Illinois State Board of Education, naming District 207 as Defendant.

17. On April 17, 2018, an Illinois State Board of Education Hearing Officer dismissed the due process complaint filed against District 207.

18. On May 1, 2018, mediation failed between Plaintiff and District 131.

19. The administrative due process proceedings against District 131 are ongoing.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983 ACTION FOR VIOLATION OF U.S. CONST. AMEND. XIV – EQUAL PROTECTION

20. Plaintiff hereby incorporates by reference paragraphs 1 through 18 as if set forth herein.

21. The Fourteenth Amendment guarantees to all citizens the right to equal protection of the laws.

22. District 131 is imminently requiring P.S. to skip eighth grade and attend Hononegah High School because of District 131's discriminatory use of 105 ILCS 5/14-6.01.

23. District 131 and District 207 are applying 105 ILCS 5/14-6.01 discriminatorily to P.S., using the statute to force students with disabilities at the age of fifteen to change the placement of their education.

24. P.S.'s imminent injuries associated with the discriminatory behavior are a result of District 131 and District 207's actions.

25. District 131 and District 207's discriminatory actions are not rationally related to a legitimate government interest.

## SECOND CAUSE OF ACTION

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

26. Plaintiff hereby incorporates by reference paragraphs 1 through 18 as if set forth herein.

27. This is an action by Plaintiff against District 131 and District 207 for violation of P.S.'s rights under 29 U.S.C. § 794.

28. P.S. has disabilities as defined by Section 504.

29. District 131 and District 207 receive federal assistance from the Federal Government for their programs.

30. District 131 and District 207 are discriminating against P.S. in violation of Section 504 by imminently forcing P.S. to skip eighth grade and attend high school because of his disability. District 131 and District 207 are misapplying 105 ILCS 5/14-6.01 as a means for their discrimination.

31. P.S.'s imminent injuries associated with the discriminatory behavior are a result of District 131 and District 207's actions.

## THIRD CAUSE OF ACTION

### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITY ACT

32. Plaintiff hereby incorporates by reference paragraphs 1 through 18 as if set forth herein.

33. This is an action by Plaintiff against District 131 and District 207 for violation of P.S.'s rights under 42 U.S.C. § 12132.

34. P.S. is a qualified person with a disability within the meaning of Title II of the ADA.

35. District 131 and District 207 are public entities within the meaning of Title II of the ADA.

36. District 131 and District 207 are discriminating against P.S. in violation of 42 U.S.C. § 12132 by imminently forcing P.S. to skip eighth grade and attend high school because of his disability. District 131 and District 207 are misusing 105 ILCS 5/14-6.01 as a means for their discrimination.

37. P.S.'s imminent injuries associated with the discriminatory behavior are a result of District 131 and District 207's actions.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that P.S.'s "then-current educational placement" under 20 U.S.C. 1415(j) is Roscoe Middle School, 6121 Elevator Rd., Roscoe, IL of Kinnikinnick School District 131; therefore, P.S. shall remain at this educational placement during the pendency of any

proceedings referenced in 20 U.S.C. 1415(j), including this litigation. Alternatively, Plaintiff seeks declaratory judgment that P.S.'s "then-current educational placement" under 20 U.S.C. 1415(j) is the last agreed upon placement, that being Roscoe Middle School; therefore, P.S. shall remain at this educational placement during the pendency of any proceedings referenced in 20 U.S.C. 1415(j), including this litigation.

      B. Declare that P.S., when at the age of fifteen, need not attend Hononegah High School in order for District 131 and District 207 to be in compliance with 105 ILCS 5/14-6.01.

      C. Declare and provide injunctive relief that District 131 and District 207 shall not rely on 105 ILCS 5/14-6.01 when determining FAPE.

      D. Declare that P.S., when at the age of fifteen, may attend Roscoe Middle School in accord with 105 ILCS 5/14-6.01.

      E. Declare that District 131 and District 207 have violated the Fourteenth Amendment of the United States, the Americans with Disability Act, and the Rehabilitation Act of 1973.

      F. Issue preliminary and permanent injunctive relief barring Defendants from using 105 ILCS 5/14-6.01 to compel P.S. to skip eighth grade and attend high school during the 2018-2019 school year.

      G. Issue preliminary and permanent injunctive relief barring Defendants from violating 20 U.S.C. 1415(j) by moving P.S. from his "then-current educational placement," that being Roscoe Middle School.

      H. Award Plaintiff costs and reasonable attorneys' fees under the Americans with Disability Act, 42 U.S.C. § 12205; 42 U.S.C. 1988(b); and Rehabilitation Act of 1973, 29 U.S.C. 794a.

      I. Grant Plaintiff such further relief as this Court deems to be just, proper, and equitable.

Dated this 7th day of May 2018.

        Respectfully submitted,

        **PETER SCORDATO and ANGELA SCORDATO,**
        **as natural guardians of the minor child P.S.**


        By: __/s/__ Timothy Scordato_____

        Timothy Scordato, Esq., No. 6322807
        4575 Cinnamon Lane
        Rockford, IL 61114
        (c) 815-621-9067
        (w) 630-232-7450
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above will be served by the Winnebago County Sheriff to Defendants at:

Kinnikinnick School District No. 131
5410 Pine Ln.
Roscoe, IL 61073

Hononegah Community High School District No. 207
307 Salem St.
Rockton, IL 61072

                                                                                                                        /s/ Timothy Scordato_____
                                                                                                        Timothy Scordato, Esq.,
                                                                                                        No. 6322807
                                                                                                         4575 Cinnamon Lane
                                                                                                         Rockford, IL 61114
                                                                                                         (c) 815-621-9067
                                                                                                         (w) 630-232-7450
                                                                                  Attorney for Plaintiff